IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TOMMIE L. CATLEDGE,              )
                                 )
        Plaintiff,                )
                                 )
v.                               ) CIVIL ACTION NO. 09-00606-KD-N
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
        Defendant.                )

REPORT AND RECOMMENDATION

This action is now before the Court on plaintiff's application (docs. 22-23) for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and the response (doc. 25) filed by the Commissioner of Social Security. This action has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff commenced this action under 42 U.S.C. §405(g) seeking judicial review of a final decision of the Commissioner denying his application for Social Security Disability Benefits. (Doc. 1). The Commissioner thereafter filed an Answer denying the material allegations of the Complaint (doc. 10). After consideration of the plaintiff's brief (doc. 12), as supplemented (doc. 17), the Commissioner's brief (doc. 13), the parties respective oral arguments at the hearing conducted on July 21, 2010 (doc. 16), and all other pertinent portions of the record, the undersigned recommended that the decision of the Commissioner denying plaintiff's benefits be reversed and the case remanded for

further proceedings not inconsistent with this opinion (doc. 19). An Order and Judgment (docs. 20 and 21) were entered on August 13, 2010, by the District Judge adopting the Report and Recommendation of the undersigned. The plaintiff was held to be a prevailing party for purposes of the EAJA. (Doc. 20).

Upon consideration of all pertinent materials presented, including the Commissioner's lack of opposition and agreement to pay the amount sought by the plaintiff (doc. 25), the undersigned recommends that plaintiff's counsel receive as a reasonable attorney fee for 5.00 hours of legal services rendered by plaintiff's attorney in this court the amount of $866.18 pursuant to both the EAJA and the agreement of the parties.[1]

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

**Done** this 9th day of December, 2010.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

---

[1] The Commissioner states that, "in the interest of conserving litigative and judicial resources," he will not oppose plaintiff's present motion for attorney's fees under the EAJA and agrees to pay the sum requested in the motion.

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
# AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

    1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

    2. **<u>Transcript (applicable where proceedings tape recorded).</u>** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    Done this <u>9th</u> day of December, 2010.

                                                         <u>/s/ Katherine P. Nelson</u>
                                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).